■ CARL A. CAPASSO, Plaintiff, v NANCY R. CAPASSO, Respondent, and CIGNA PROPERTY & CASUALTY INSURANCE COMPANY et al., Intervenors-Appellants.

There is no basis to impose an equitable lien against defendant's share of the proceeds of the marital residence, defendant having made all required maintenance payments on this cooperative apartment before vacating it in October 1987. Under this court's order of August 7, 1987 *(Capasso v Capasso,* 133 AD2d 23, *lv denied* 70 NY2d 988), defendant thereafter had no further obligation to pay maintenance, the sole responsibility therefor, as well as for securing the sale of the shares representing the parties' interest in the cooperative apartment, having been placed on plaintiff. Plaintiff is the sole signatory to the security agreement through which intervenors claim an interest in the proceeds of the apartment, and such agreement, in any event, is valid only to the extent of plaintiff's interest in the apartment. Defendant is not bound by that agreement, nor may her interest be subjected to it absent her consent. Inasmuch as intervenors did not pay a debt or obligation that defendant was "equally bound * * * to discharge" *(see, Loos v Wilkinson,* 113 NY 485, 499), no equitable lien could arise absent strict proof of an intention to create such against defendant's share of the proceeds *(see, Conkling v First Natl. Bank,* 286 App Div 537, 541).

Intervenors' argument that under the August 1987 order, defendant's obligation to make maintenance payments was revived after June 30, 1988, by which time plaintiff should have completed the sale of the cooperative apartment, exalts form over substance. The order clearly contemplates termination of defendant's responsibility for maintenance payments upon her vacating the apartment. Intervenors' choice to pay the arrears and maintenance, should be chargeable solely to plaintiff, and it was made with full knowledge of the parties' respective obligations and for the purpose of protecting their lien on plaintiff's interest in the apartment. That such payments may have conferred some hypothetical benefit on defendant is insufficient, by itself, to establish a lien on her interest in the apartment. Concur—Sullivan, J. P., Kupferman, Ross and Kassal, JJ.